**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Michael Thompson,** | **CASE NO. 1:17 CV 1119** |
| **Plaintiff,** | **JUDGE PATRICIA A. GAUGHAN** |
| v. | |
| | <u>**Memorandum of Opinion and Order**</u> |
| **Owner's Management Company,** | |
| **Defendant.** | |

## INTRODUCTION

*Pro se* Plaintiff Michael Thompson filed this action under Title VII, 42 U.S.C. § 2000e, against Owner's Management Company (defendant or the Management Company). In the Complaint, Plaintiff alleges he renegotiated his lease with Defendant's employee, but Defendant did not recognize the revision and sued him for damages for breach of the lease. He claims he has a disability. He does not specify the relief he seeks.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

## BACKGROUND

Plaintiff's Complaint is very brief. He alleges he suffered a seizure in the winter of 2015. When he was released from the hospital, he approached his building manager and asked her if he could amend his lease from a longer term lease to a month to month tenancy. Plaintiff

contends the manager agreed to this arrangement. It does not appear, however, that this understanding was approved by the Management Company or commemorated in writing. He states he gave notice to the building manager in June 2015 that he was moving. The Management Company indicates Plaintiff vacated the premises on September 21, 2015. Plaintiff's rent was subsidized, however, when he did not pay rent for July and August 2015, the Management Company assessed the full market value of the rental unit for the second half of September and the month of October. The Management Company also assessed him for replacement of the locks, cleaning and repairs. On October 9, 2015, the Management Company mailed him an itemized statement of damages to an address which Plaintiff acknowledges as his forwarding address. When Plaintiff did not pay the sum it demanded, the Management Company brought an eviction action for damages in the Cleveland Municipal Court. The Court awarded judgment to the Management Company. Plaintiff claims he was unaware of the action or the judgment until January 2017 when he received a letter from the Cuyahoga Metropolitan Housing Authority telling him he is ineligible for housing because he owed a prior debt to a federal subsidized property. Plaintiff contends he has a disability and brings this action under Title VII, 42 U.S.C. § 2000e.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of*

*Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Plaintiff fails to state a claim upon which relief may be granted. His only stated legal claim is under Title VII. This statute governs discrimination in the context of employment. This case does not involve employment discrimination. Moreover, Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). It does not cover disability discrimination claims. *Clark v. City of Dublin, Ohio*, No. 05-3186, 2006 WL 1133577 at *2 (6th Cir. Apr. 27, 2006).

It is possible Plaintiff may have been attempting to bring an action under the Fair

-3-

Housing Act ("FHA"), 42 U.S.C. § 3604; however, he failed to allege sufficient facts to state a plausible claim for relief. The FHA makes it unlawful to:

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
>
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604. Congress extended the FHA's protections to disabled persons in 1988, 42 U.S.C. § 3604(f)(2), and expanded the definition of unlawful discrimination to include "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

Here, Plaintiff fails to allege any facts to suggest Defendant discriminated against him on the basis of disability with respect to his housing. As an initial matter, he does not provide any information on the condition he believes to be a disability. Moreover, he does not allege facts to suggest how his condition motivated the Defendant's actions. He contends he attempted to renegotiate the length of his lease so that he could terminate it several months earlier than originally agreed upon. However, he discussed this modification with the building manager, not the Defendant. There is no indication that the Defendant knew of and agreed to the modification. There is no suggestion that the Defendant was aware of Plaintiff's disability and committed acts prohibited by the FHA because of Plaintiff's disability.

If Plaintiff intended to proceed under some other legal theory, he failed to state a claim

upon which relief could be granted. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District Courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the Courts] to explore exhaustively all potential claims of a *pro se* Plaintiff, ... [and] would...transform the District Court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Plaintiff fails to identify another viable cause of action for discrimination and none is apparent on the face of the Complaint.

Finally, to the extent that Plaintiff is seeking to relitigate the issue of damages owed to the Defendant, he is barred from proceeding with his claims by the doctrine of *res judicata*. Plaintiff cannot file an action in federal court to relitigate matters that were already decided in state court proceedings. Federal Courts must give the same preclusive effect to a state court judgment as that judgment receives in the state courts. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). Therefore, if a Plaintiff cannot file another action in state court to relitigate a matter that was already determined in a prior state court proceeding, he cannot file the action in federal court to bypass this procedural bar.

The issue of damages under Plaintiff's lease with the Management Company was litigated in the Cleveland Municipal Court. To determine the preclusive effect that state court judgment would have on the present federal action, the Court must apply the law of preclusion of the State of Ohio. *Migra v. Warren City School District Board of Educ.* 465 U.S. 75, 81 (1984). Under the Ohio doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). The doctrine of claim preclusion encompasses "all claims which were or might have been litigated in a first lawsuit." *Id*. By contrast, issue preclusion, or collateral estoppel, "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc.*, 80 Ohio St.3d 212, 217 (1997). Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

In this case, Plaintiff is barred by both issue and claim preclusion. The Management Company filed an eviction action seeking damages. In determining that Plaintiff owed the Defendants for back rent, the court necessarily determined that Plaintiff had not altered the lease with his request to the building manager. When he attempted to reopen that case, the state court denied his request due to the passage of time. Those claims and issues appear to be the basis of Plaintiff's Federal Court Complaint. This Court must give full faith and credit to those

judgments. Plaintiff is barred from relitigating those matters in this Court.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

          /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
          United States District Court
          Chief Judge

Dated: 10/23/17